UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPETITIVE ACCESS SYSTEMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE, INC.,<br><br>　　　　Defendant. | Case No.  5:25-cv-04595-PCP<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 103 |

During the hearing on April 2, 2026, the Court orally GRANTED defendant's motion to stay. All existing deadlines are vacated. The stay shall be in effect until the resolution of the pending *ex parte* reexamination ("EPR") by the U.S. Patent and Trademark Office ("USPTO"). The parties shall provide a joint status update to the Court on October 1 and April 1 of every year until the EPR is resolved.

Within seven (7) days of the resolution of the EPR proceedings, the parties shall inform the Court of their positions as to whether the stay should be lifted or continue. The parties shall also include their positions on whether the resolution has any impact on the pending motion to dismiss, Dkt. 78. If the parties conclude that it does not, then the motion shall be renoticed and decided on the existing papers. If at least one party contends that the resolution does affect the pending motion, then the parties shall jointly propose how to proceed on the matter.

The stay is a complete stay of all proceedings, including discovery. If at any point during the stay a party comes to understand that there is good cause to believe that evidence may be lost as a result of the stay, that party shall first approach the opposing party and confer on how to preserve that evidence. If the parties cannot reach an agreement, then the party may file an administrative motion seeking relief from the stay as to that particular evidence.

**IT IS SO ORDERED.**

Dated: April 13, 2026

P. Casey Pitts
United States District Judge